UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- X
                                        :
ANGELO J. SKALAFURIS,                   :
                                        :
                    Plaintiff,          :
                                        :        **OPINION AND ORDER**
                                        :
        - against -                     :
                                        :        **09 Civ. 5165 (SAS)**
CITY OF NEW YORK,                       :
DEPARTMENT OF CORRECTIONS,              :
                                        :
                    Defendant.          :
-------------------------------------------------- X

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.    INTRODUCTION

Angelo Skalafuris, proceeding pro se, filed this action against the New

York City Department of Corrections ("DOC"), alleging that it discriminated

against him on the basis of his age and ethnicity in violation of local, state, and

federal law.[1]  Defendant now moves for summary judgment, arguing that

Skalafuris's claims are barred as a matter of law by election of remedies, failure to

---

[1]    *See* Amended Complaint ("Am. Compl.") at 1.  With regard to
Skalafuris's Amended Complaint, page numbers refer to the four-page form that
Skalafuris completed, and paragraph designations refer to Skalafuris's six-page
submission following the four-page form.  Because Skalafuris failed to number his
paragraphs, the Court will adopt defendant's numbering system.

1

exhaust, and failure to establish a prima facie case or to show pretext.[2] For the

reasons stated below, defendant's motion is granted.

## II.   BACKGROUND[3]

In January of 2007, then-seventy-six year old Angelo Skalafuris

applied for a job with the DOC as a Divisional Maintenance Manager ("DMM") by

---

[2]   *See* Defendant's Memorandum of Law in Support of Motion for Summary Judgment ("Def. Mem.") at 1-2.

[3]   Local Civil Rule 56.1(a) requires a party moving for summary judgment to "annex[] to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried," and Rule 56.1(b) requires the party opposing summary judgment to respond to the movant's statement with a correspondingly numbered statement. "[U]nless specifically controverted by a correspondingly numbered paragraph in the statement . . . served by the opposing party," "[e]ach numbered paragraph in the statement of material facts set forth in the statement . . . served by the moving party will be deemed to be admitted for purposes of the motion." Rule 56.1(c). If the non-moving party controverts any statement, it must cite to evidence that would be admissible at trial that would show that the controverted statement is in fact in dispute. *See* Rule 56.1(d); *see also Rodriguez v. Schneider*, No. 95 Civ. 4083, 1999 WL 459813, at *1 n.3 (S.D.N.Y. June 29, 1999). Skalafuris's response to Defendant's 56.1(b) Statement ("Def. 56.1") fails to use correspondingly numbered paragraphs. *See generally* Skalafuris's 56.1(b) Statement ("Pl. 56.1"). Further, the large majority of Skalafuris's response paragraphs either assert irrelevant or unsupported legal conclusions, or consist of "conclusory allegations, speculation or conjecture," *Cifarelli v. Village of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996), not supported by evidence that would be admissible at trial. *See, e.g.*, Pl. 56.1 ¶¶ 2-5, 7, 9-14, 16, 20-47. Accordingly, I deem the undisputed factual assertions in Defendant's 56.1 Statement admitted by Skalafuris. Nevertheless, in light of the more lenient standards applied to the pleadings of pro se litigants, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam), I address Skalafuris's assertions to the extent that they might be material to the outcome of this motion.

submitting a copy of his resume.[4]  Following a review of his resume, Skalafuris,

along with five others, was placed on a list of eligible candidates.[5]  However,

neither he, nor anyone else on that list, was interviewed or hired for the position.[6]

Instead, the DOC left the position vacant and re-listed it about ten

months later on October 29, 2007.[7]  Skalafuris failed to apply for the position after

it was re-listed,[8] and the DOC created a new list of four eligible candidates from

the resumes it received in response to the re-listing.[9]  It interviewed all four

candidates, and ultimately hired Michael Leonard, one of the four candidates, to

---

[4]      *See* Deposition of Angelo Skalafuris ("Pl. Dep."), Ex. D to
Declaration of Larry Martinez, Counsel for the Defendant ("Martinez Decl."), at
35:12-23.

[5]      *See* 1/11/07 Candidate Referral Form ("January Candidate Referral
Form"), Ex. A to Declaration of Alan Vengersky, Assistant Commissioner of
Personnel for the DOC ("Vengersky Decl."), Ex. B to Martinez Decl., at Bates
Stamp AS0006.

[6]      *See* Vengersky Decl. ¶¶ 24, 26.

[7]      *See id.* ¶ 27; *see also* 10/29/07 Personnel Order ("October Posting"),
Ex. A to Vengersky Decl., at Bates Stamp AS0323.

[8]      *See* Vengersky Decl. ¶ 28; *see also* Pl. 56.1 ¶ 44.

[9]      *See* Vengersky Decl. ¶ 29; *see also* 11/20/07 Candidate Referral Form
("November Candidate Referral Form"), Ex. A to Vengersky Decl., at Bates Stamp
AS0304.

fill the position.[10]

Subsequently, on January 4, 2008, Skalafuris filed a complaint with the New York State Department of Human Rights ("SDHR"), alleging that he had been unlawfully discriminated against on the basis of his age.[11] Pursuant to state procedure, this complaint was dual-filed with the Equal Employment Opportunity Commission ("EEOC").[12] On October 16, 2008, the SDHR dismissed Skalfuris's claim, finding that there was "NO PROBABLE CAUSE to believe that the [DOC] has engaged in or is engaging in the unlawful discriminatory practice complained of."[13] Skalafuris failed to timely appeal this finding to the EEOC for substantial weight review,[14] and on February 5, 2009, the EEOC adopted the SDHR's finding, dismissed his claim, and issued him a right-to-sue letter.[15]

On May 5, 2009, Skalafuris filed his Complaint in this Court, and

---

[10] *See* Vengersky Decl. ¶¶ 30-31; *see also* Prise History Roster Inquiry, Ex. A to Vengersky Decl., at Bates Stamp AS0250.

[11] *See* 1/4/08 SDHR Complaint ("SDHR Compl."), Ex. E to Martinez Decl., at Bates Stamp AS0025-AS0030.

[12] *See id.* at Bates Stamp AS0030.

[13] 8/16/08 Determination Order ("SDHR Order"), Ex. E to Martinez Decl., at Bates Stamp AS0044-AS0045.

[14] *See* 12/15/09 Letter from EEOC to Skalafuris, Ex. 1 to Pl. 56.1.

[15] *See* 2/5/09 EEOC Dismissal, Ex. E to Martinez Decl., at Bates Stamp AS0177.

amended it on September 1, 2009 to allege that he had been discriminated against

on the basis of national origin and/or age in violation of (1) New York State

Human Rights Law ("SHRL") and New York City Human Rights Law ("CHRL");

(2) Title VII of the Civil Rights Act of 1964 ("Title VII"); and (3) the Age

Discrimination in Employment Act of 1976 ("ADEA").[16]

## III.   LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law."[17] "'An issue of fact is genuine if

the evidence is such that a reasonable jury could return a verdict for the nonmoving

party.  A fact is material if it might affect the outcome of the suit  under the

governing law.'"[18] "[T]he burden of demonstrating that no material fact exists lies

---

[16]   *See* Am. Compl. at 1-3.  Although Skalafuris did not check the line indicating that he was bringing an ADEA claim on the cover page of his Amended Complaint, *see id.* at 1, he checked only the box for age in response to the question regarding the ground on which he thought defendant discriminated against him. *See id.* at 3.  In light of his pro se status, prior filing with the SDHR, and subsequent discussion of the ADEA, *see, e.g., id.* ¶¶ 5-9, I will treat his ADEA claim as properly raised.

[17]   Fed. R. Civ. P. 56(c).

[18]   *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 34 (2d Cir. 2008)).

with the moving party . . . ."[19]

In turn, to defeat a motion for summary judgment, the non-moving party must raise a genuine issue of material fact. "When the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim."[20] To do so, the non-moving party must do more than show that there is "'some metaphysical doubt as to the material facts,'"[21] and it "'may not rely on conclusory allegations or unsubstantiated speculation.'"[22] However, "'all that is required [from a non-moving party] is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to

---

[19]     *Miner v. Clinton County, N.Y.*, 541 F.3d 464, 471 (2d Cir. 2008) (citing *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007)). *Accord Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).

[20]     *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). *Accord In re September 11 Litig.*, No. 21 MC 97, 2007 WL 2332514, at *4 (S.D.N.Y. Aug. 15, 2007) ("Where the nonmoving party bears the burden of proof at trial, the burden on the moving party may be discharged by showing – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.") (quotation marks omitted).

[21]     *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) (quoting *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

[22]     *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (quoting *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001)).

resolve the parties' differing versions of the truth at trial.'"[23]

In determining whether a genuine issue of material fact exists, the court must "constru[e] the evidence in the light most favorable to the non-moving party and draw all reasonable inferences" in that party's favor.[24]  However, "[i]t is a settled rule that '[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment.'"[25]  Summary judgment is therefore "appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."[26]

A court will hold the submissions of a pro se party "'to less stringent standards than formal pleadings drafted by lawyers . . . .'"[27]  District courts should "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the

---

[23]     *Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 206 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986)).

[24]     *Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009) (citing *Anderson*, 477 U.S. at 247-50, 255).

[25]     *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (quoting *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997)).  *Accord Anderson*, 477 U.S. at 249.

[26]     *Pyke v. Cuomo*, 567 F.3d 74, 76 (2d Cir. 2009).

[27]     *Hughes*, 449 U.S. at 9 (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)).

strongest arguments that they suggest.'"[28]  These same principles apply to briefs

and opposition papers submitted by pro se litigants.[29]  Nonetheless, proceeding pro

se "does not otherwise relieve a litigant from the usual requirements of summary

judgment, and a pro se party's 'bald assertion,' unsupported by evidence, is not

sufficient to overcome a motion for summary judgment."[30]

## IV.    APPLICABLE LAW

### A.    Election of Remedies

Skalafuris's SHRL and CHRL claims are governed, respectively, by

New York Executive Law and the New York City Administrative Code,[31] both of

which contain an election of remedies limitation.[32]  For example, section 297(9) of

New York Executive Law bars a person who has "filed a complaint . . . with any

local commission on human rights" from filing a lawsuit for the same cause of

---

[28]    *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

[29]    *See Ortiz v. McBride*, 323 F.3d 191, 194 (2d Cir. 2003); *Burgos*, 14 F.3d at 790.

[30]    *Cole v. Artuz*, No. 93 Civ. 5981, 1999 WL 983876, at *3 (S.D.N.Y. Oct. 28, 1999) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

[31]    *See* N.Y. Exec. Law §§ 290-297; N.Y.C. Admin. Code §§ 8-101 to 131.

[32]    *See* N.Y. Exec. Law § 297(9); N.Y.C. Admin. Code. § 8-502(a).

action.[33] This prohibition applies equally to suits brought in state court as it does to state law claims brought in federal court.[34]

However, there are two exceptions to this limitation. *First*, "where the complaint filed with a local human rights commission is dismissed for administrative convenience, a person is not barred from filing a plenary lawsuit."[35] *Second*, where a complaint is filed directly with the EEOC, and then only filed with the SDHR by the EEOC pursuant to Title VII requirements, the limitation does not apply.[36]

"[T]he language of the [N.Y.C. Admin. Code] is nearly identical to that of § 297(9)" and contains the same limitations and exceptions.[37] Thus, discussion of election of remedies with regard to Skalafuris's SHRL claim applies

---

[33]    *York v. Association of the Bar of the City of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002) (quoting N.Y. Exec. Law § 297(9)).

[34]    *See Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 76 (2d Cir. 2000).

[35]    N.Y. Exec. Law § 297(9); *see also York v. Association of the Bar of the City of N.Y.*, No. 00 Civ. 5961, 2001 WL 776994, at *5 (S.D.N.Y. July 11, 2001), *aff'd*, 286 F.3d 122 (2002).

[36]    *See* N.Y. Exec. Law § 297(9); *York*, 2001 WL 776994, at *5.

[37]    *York*, 286 F.3d at 127 (quotations marks and citations omitted); *see also* N.Y.C. Admin. Code § 8-502(a).

equally to his CHRL claim.[38]

## B.    Exhaustion of Issues

A district court has jurisdiction over a Title VII claim only if it has been included in an EEOC charge or if it is "reasonably related" to the claim actually filed with the agency.[39] There are three situations where a claim not raised in an EEOC charge is "reasonably related" to the allegations in the charge: (1) if the conduct complained of would "fall within the scope of the EEOC investigation [that] can reasonably be expected to grow out of the [filed] charge;" (2) if the complaint alleges "retaliation by an employer against an employee for filing an EEOC charge;" and (3) if the complaint "alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge."[40]

To determine whether certain conduct falls within the reasonable scope of an EEOC investigation, a court should focus on "the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about

---

[38]    *See York*, 286 F.3d at 127.

[39]    *Williams v. New York City Housing Auth.*, 458 F.3d 67, 70 (2d Cir. 2006) (quotation marks and citations omitted).

[40]    *Terry v. Ashcroft*, 336 F.3d 128, 151 (2d Cir. 2003) (citing *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402-03 (2d Cir. 1993) (superceded on other grounds); *Alfano v. Costello*, 294 F.3d 365, 381 (2d Cir. 2002)) (quotation marks omitted).

which a plaintiff is grieving."[41]  This inquiry is not governed by a bright line rule,

and must be evaluated on a case-by-case basis.[42]  "The central question is whether

the complaint filed with the EEOC gave that agency 'adequate notice to investigate

discrimination on [the basis of the claim not actually filed].'"[43]  Essentially, this

exception is an allowance of loose pleading, in recognition of the fact that "EEOC

charges frequently are filled out by employees without the benefit of counsel and

that their primary purpose is to alert the EEOC to the discrimination" allegedly

suffered by the employee.[44]

### C.    The ADEA

"Claims under the ADEA are governed by the three-step burden-

shifting framework set forth in *McDonnell Douglas Corp. v. Green*[]."[45]  Under

this framework, a plaintiff must first establish a prima facie case of age

---

[41]     *Williams*, 458 F.3d at 70 (quoting *Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003)) (quotation marks and additional citations omitted) (alteration in original).

[42]     *See id.* at 71.

[43]     *Id.* at 70 (quoting *Deravin*, 335 F.3d at 202).

[44]     *Id.* (quotation marks and citations omitted).

[45]     *D'Cunha v. Genovese/Eckerd Corp.*, 479 F.3d 193, 195 (2d Cir. 2007) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)) (other citations omitted).

discrimination.[46]  "[I]f the plaintiff succeeds in establishing a prima facie case of age discrimination, then the burden shifts to the [employer] to articulate a non-discriminatory reason for the [adverse employment action]."[47]  Finally, if the employer articulates a non-discriminatory reason for the challenged action, then the burden shifts back to the plaintiff to show that the defendant's explanation was pretextual.[48]

To establish a prima facie case of age discrimination, a plaintiff must show that:  (1) he was a member of the protected class; (2) he was qualified for the job for which the employer was seeking applications; (3) he suffered an adverse employment action; and (4) the circumstances surrounding that action gave rise to an inference of age discrimination.[49]  A plaintiff's burden of establishing a prima facie case is *de minimis*,[50] and successfully establishing a prima facie case creates a presumption of discrimination.[51]

---

[46]   *See id.*

[47]   *Id.*

[48]   *See id.* (citations omitted).

[49]   *See Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001) (citations omitted); *see also McDonnell Douglas*, 411 U.S. at 802.

[50]   *See Sassaman v. Gamache*, 566 F.3d 307, 312 (2d Cir. 2009)

[51]   *See Abdu-Brisson*, 239 F.3d at 466.

In order to rebut the plaintiff's prima facie case, the employer must "articulat[e] legitimate and non-discriminatory reasons for the adverse employment action."[52] The employer's burden is met "if he presents reasons that, 'taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action.'"[53]

Once the employer's burden is met, "the presumption of discrimination vanishes and the burden shifts back to the plaintiff to come forward with evidence that the employer's proffered explanations were merely pretextual and that the actual motivations more likely than not were discriminatory."[54] However, the plaintiff is not necessarily required to offer additional evidence beyond his prima facie case that age discrimination was the actual motivation behind the adverse employment decision.[55] Rather, on summary judgment, the court must examine the entire record "to determine whether the plaintiff could satisfy his 'ultimate burden of persuading the trier of fact that the defendant

---

[52]   *Id.* at 468 (citations omitted).

[53]   *Id.* at 469 (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993)).

[54]   *Id.* (citing *St. Mary's Honor Ctr.*, 509 U.S. at 510-11) (other citations omitted).

[55]   *See Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir. 2000) (discussing *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 146-48 (2000)).

13

intentionally discriminated against the plaintiff.'"[56]

## V.   DISCUSSION

### A.   State and City Claims

      Skalafuris filed a claim that was resolved by the SDHR.[57]  Therefore, unless he is able to invoke an exception to the election of remedies limitation, this Court has no jurisdiction to hear his SHRL and CHRL claims.

      Skalafuris attempts to invoke the first exception by arguing that he can "ignore" the SDHR's finding and proceed, "unrestrained," to federal review.[58]  However, this exception applies only where the SDHR dismisses a complaint for administrative convenience.[59]  Because the SDHR issued a no probable cause finding, this exception is not available to Skalafuris.

      Skalafuris attempts to invoke the second exception by arguing that he "filed with the EEOC" and was "charged by . . . the EEOC to submit to an investigation" by the SDHR.[60]  However, Skalafuris points to no evidence whatsoever to support this assertion.  Rather, Skalafuris's deposition testimony, the

---

[56]    *Id.* (quoting *Reeves*, 530 U.S. at 143).

[57]    *See* SDHR Order at Bates Stamp AS0044-AS0045.

[58]    Pl. 56.1 ¶ 50.

[59]    *See* N.Y. Exec. Law § 297(9).

[60]    Pl. 56.1 ¶¶ 9, 49.

documents he filed with the SDHR, the acknowledgment he received from the EEOC, and the only exhibit he submitted regarding this assertion all show that he filed his complaint directly with the SDHR and not the EEOC.[61] Skalafuris's bald assertion is insufficient to create a genuine issue over a material fact.[62] Therefore, because Skalafuris filed his complaint directly with the SDHR, the second exception is not available.

Accordingly, because Skalafuris cannot invoke either of the exceptions to the election of remedies limitation, this Court has no jurisdiction to hear his SHRL and CHRL claims.

**B.    Title VII Claim**

Skalafuris's national origin discrimination claim was not explicitly indicated in his SDHR complaint dual-filed with the EEOC.[63] Therefore, the contents of his SDHR complaint must be carefully examined to determine whether a potential national origin claim is reasonably related to his explicit age discrimination claim, such that it would be reasonably expected to fall within the

---

[61]    *See* Pl. Dep. at 40:9-40:11; SDHR Compl. at Bates Stamp AS0030; 1/10/08 Letter from EEOC to Plaintiff, Ex. E to Martinez Decl., at Bates Stamp AS0032; Ex. 1 to Pl. 56.1.

[62]    *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991).

[63]    *See* SDHR Compl. at Bates Stamp AS0027.

15

scope of the investigation.[64]

      *First*, in response to the question regarding the basis upon which he believed he was being discriminated, the only box that was marked is "age."[65] *Second*, Skalafuris described his national origin, race, and color only as "U.S.A.," "white," and "white," respectively.[66] *Third*, the only other potentially indicative words in his SDHR complaint are "age discrimination" in capital letters under the category "Retaliation for Opposing Discrimination."[67] *Fourth*, Skalafuris's description of the alleged discrimination against him consists of three short statements that wholly fail to mention any events in which his national origin was at issue.[68]

      Thus, a close inspection of Skalafuris's SDHR complaint reveals that it did not give either the SDHR or the EEOC any, much less adequate, notice to investigate a potential national origin discrimination claim.[69] Accordingly, because Skalafuris failed to exhaust his remedies, this Court has no jurisdiction to hear his

---

[64]    *See Williams*, 458 F.3d at 70.

[65]    *See* SDHR Compl. at Bates Stamp AS0027.

[66]    *Id.*

[67]    *Id.*

[68]    *See id.* at Bates Stamp AS0029.

[69]    *See Williams*, 458 F.3d at 70.

16

Title VII national origin discrimination claim.

### C.    ADEA Claim

#### 1.    Prima Facie Case

The first two elements of Skalafuris's prima facie case are not in dispute.[70]  Skalafuris has also established the third element, that he suffered an adverse employment action, as a result of the DOC's decision not to interview or hire him.  Defendant contends that Skalafuris failed to satisfy this element because he did not apply to the specific position at issue and the position he did apply to was not filled by the employer.[71]  However, when the factual inferences are drawn in Skalafuris's favor, it is clear that he has satisfied the third element of the prima facie case.

When framed in Skalafuris's favor, the specific position at issue is nothing more than the DMM position to which Skalafuris applied by submitting his resume in response to the January listing.  The fact that Skalafuris failed to respond to the October listing has no bearing on whether or not he applied for the position.  Further, the DOC eventually hired Michael Leonard to fill the position.  The fact that Leonard was hired through the October, as opposed to January, listing

---

[70]    *See* Def. Mem. at 11.

[71]    *See id.* at 14-15.

17

has no bearing on whether or not the position was actually filled.

However, even though Skalafuris has satisfied the first three elements of the prima facie case, he has failed to establish the fourth element, that the circumstances surrounding the adverse employment action gave rise to an inference of age discrimination.  To satisfy this element in an age discrimination case, a plaintiff is generally required, at the very least, to show that he was passed over in lieu of a "substantially younger" person[72] and that the employer had some knowledge of this significant age discrepancy.[73]

Skalafuris has not made, nor has he even attempted to make, such a showing.  To begin with, Skalafuris's 56.1 Statement makes no reference either to Leonard's actual age or to Leonard's age relative to his age.  Skalafuris further admitted, in his deposition testimony, that he did not "communicate [his] age to anyone at the [DOC]," "[never] met with anyone at the [DOC]," and had "[no] personal contact with any individual from the [DOC]."[74]

---

[72]     *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313 (1996). *Accord Brennan v. Metropolitan Opera Ass'n*, 192 F.3d 310, 317 (2d Cir. 1999).

[73]     *See Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 79 (2d Cir. 2005).

[74]     Pl. Dep. at 55:12-55:14, 37:2-37:20.

18

Instead, Skalafuris attempts to satisfy this element by arguing that his credentials "far prevail over all other candidates" such that the only possible inference is one of unlawful discrimination.[75]  This is not an easy burden to meet — "the plaintiff's credentials would have to be so superior to the credentials of the person selected for the job that *no reasonable person*, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question."[76]

Skalafuris attempts to meet this burden by asserting that Leonard, a "blue collar welder[] with no admissible credentials," was "not qualified [for the position], by . . . a lack of relevant education, and the comparative education and experience when compared with the Plaintiff."[77]  However, he makes no actual, specific comparisons of his relevant credentials with those of Leonard, and he points to no evidence aside from his own educational background to support his assertion that he was so far superior that "no reasonable person" could have selected Leonard over him for the position.  In short, Skalafuris has failed to meet this high burden.

---

[75]    Pl. 56.1 ¶ 58

[76]    *Byrnie v. Town of Cromwell, Bd. Of Educ.*, 243 F.3d 93, 103 (2d Cir. 2000) (quotation marks and citations omitted) (emphasis added).

[77]    Pl. 56.1 ¶¶ 3, 141.

Instead, Skalafuris attempts to satisfy this element by arguing that his credentials "far prevail over all other candidates" such that the only possible inference is one of unlawful discrimination.[75]  This is not an easy burden to meet — "the plaintiff's credentials would have to be so superior to the credentials of the person selected for the job that *no reasonable person*, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question."[76]

Skalafuris attempts to meet this burden by asserting that Leonard, a "blue collar welder[]" with no admissible credentials," was "not qualified [for the position], by . . . a lack of relevant education, and the comparative education and experience when compared with the Plaintiff."[77]  However, he makes no actual, specific comparisons of his relevant credentials with those of Leonard, and he points to no evidence aside from his own educational background to support his assertion that he was so far superior that "no reasonable person" could have selected Leonard over him for the position.  In short, Skalafuris has failed to meet this high burden.

---

[75]     Pl. 56.1 ¶ 58.

[76]     *Byrnie v. Town of Cromwell, Bd. Of Educ.*, 243 F.3d 93, 103 (2d Cir. 2000) (quotation marks and citations omitted) (emphasis added).

[77]     Pl. 56.1 ¶¶ 3, 141.

19

Therefore, because Skalafuris has failed to show that the circumstances surrounding the DOC's decision not to interview or hire him gave rise to an inference of age discrimination, he has failed to establish a prima facie case of age discrimination.

### 2.    Pretext

Even if Skalafuris managed to establish a prima facie case of age discrimination, his ADEA claim still must fail because he has not shown that defendant's non-discriminatory reasons were pretextual.  Defendant offers a number of non-discriminatory reasons as to why Skalafuris was not interviewed or hired.  *First*, defendant explains that none of the individuals listed in the January Candidate Referral Form were interviewed or hired for the position.[78]  Defendant further explains that this was the result of a number of reorganizations that occurred within the DOC.[79]  *Second*, defendant explains that Skalafuris failed to apply to the October listing, and that the only individuals interviewed were those who responded to the October listing.[80]  *Third*, defendant explains that it was not obligated to refer to the January Candidate Referral Form when considering who to

---

[78]    *See* Vengersky Decl. ¶ 24.

[79]    *See id.* ¶¶ 7-11, 24.

[80]    *See id.* ¶¶ 27-30.

hire following the second listing, because that form was not an "eligible list" as defined by state law.[81]

Skalafuris has not shown that any of these reasons are pretextual. *First*, Skalafuris argues that a candidate on the January Candidate Referral Form, Federico Colon, was in fact hired for the position advertised by the January listing.[82]  In response, defendant explained that Colon was actually promoted to a position that had the same civil service title as the job posted but that had a different in-house title with unrelated functions and duties.[83]  Aside from his bare assertions, Skalafuris has failed to show that this explanation was false or pretextual in any way.  Therefore, Skalafuris has not demonstrated that the first explanation was pretextual.

*Second*, Skalafuris points to a host of perceived state and city law violations to argue that the October listing was illegal and that the DOC was required to use the January Candidate Referral Form.[84]  However, Skalafuris's

---

[81]     *See* Defendant's Reply Memorandum of Law in Further Support of Motion for Summary Judgment, at 5-6, 8-9.

[82]     *See* Pl. 56.1 ¶¶ 69-70.

[83]     *See* Vengersky Decl. ¶ 25; *see also* 6/11/07 Interdepartmental Memorandum to Lorraine Gittens from Alan Vengersky, Ex. A to Vengersky Decl., at Bates AS0117.

[84]     *See* Pl. 56.1 ¶¶ 58-94.

21

assertions demonstrate a general lack of understanding of these laws. Under New York State Civil Service Law ("CSL"), an "eligible list" is created only after an examination is administered following an official notice of examination.[85] Skalafuris admits that he took no examination in connection with this job listing,[86] and does not dispute the fact that the January listing was not a notice of examination.[87]  Therefore, Skalafuris has also failed to show that defendant's remaining reasons are pretextual.

## VI.    CONCLUSION

For the foregoing reasons, defendant's motion is granted. The Clerk of the Court is directed to close this motion (Docket No. 21) and this case.


SO ORDERED:

Shira A. Scheindlin
U.S.D.J.


Dated:      New York, New York
            October 27, 2010

---

[85]     See CSL § 50.

[86]     See Pl. Dep. at 35:24-36:7.

[87]     See Declaration of Sherry Schultz, Director of Classification and Compensation in the New York City Department of Administrative Services, Division of Citywide Personnel Services, Ex. C to Martinez Decl. ¶ 9.

22

## -Appearances-

**Plaintiff (Pro Se):**

Angelo J. Skalafuris
115 Forster Avenue
Mount Vernon, New York 10552
(914) 239-3500

**Counsel for Defendant:**

Larry R. Martinez
Assistant Corporation Counsel
The City of New York Law Department
100 Church Street
New York, New York 10007
(212) 227-3153